IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>                       Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,<br><br>                       Plaintiff,<br><br>vs.<br><br>IALT ENHANCED INCOME PORTFOLIO I, LLC; IALT PORTFOLIO MANAGEMENT, LLC; DEVON MASON, INC,<br><br>                       Defendants. | Adversary Proceeding<br>Case No. 19-50895 (JKS)<br><br><br><br><br><br>**Objection Deadline: Jan. 24, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: Feb. 8, 2022 at 1:30 p.m. (ET)** |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1.    Plaintiff, Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust (the "Plaintiff") hereby moves the Court (this "Motion"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding pursuant to Rule 7055(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of a judgment by default against defendants IALT Enhanced Income Portfolio I, LLC, IALT Portfolio Management, LLC and Devon Mason, Inc. (collectively, "Defendant"). In support of this Motion, the Plaintiff respectfully states as follows:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 201 N. Brand Blvd., Suite M, Glendale, California 91203.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR THE RELIEF REQUESTED

3.  On November 21, 2019, the Plaintiff commenced the above-captioned adversary proceeding against the Defendant by filing the Adversary *Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers, for Equitable Subordination* [Adv. Docket No. 1] (the "Complaint").[2]

4.  On January 22, 2020, service of the Complaint and first amended summons [Adv. Docket No. 5] (the "Summons") was made on the Defendants via United States first-class mail in accordance with Bankruptcy Rule 7004. A true and correct copy of the Summons, including the Certificate of Service, is attached to the *Plaintiff's Request for Entry of Default* [Adv. Docket No. 17] (the "Request for Default") as Exhibit 1 to the Affidavit of Counsel filed contemporaneously with the Request for Default.

5.  Pursuant to the Summons, Defendant was required to answer or otherwise respond to the Complaint within thirty (30) days of service. The Defendant failed to file an answer, motion, or other responsive pleading within the time fixed by the Court in accordance with Rule 7012(a) of the Federal Rules of Bankruptcy Procedure. The Court's docket does not reflect the filing of a responsive pleading to the Complaint, and the undersigned counsel has not been served with any responsive pleading. See Affidavit of Counsel, attached to the Request for

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

Default.

6.  Upon information and belief, the Defendant is not an infant or incompetent or a person in the military service.

7.  As "[e]ntry of default judgment is a two-step process,"[3] the Plaintiff filed *Plaintiff's Request for Entry of Default* to satisfy the requirements of Bankruptcy Rule 7055(a). Rule 55(b) of the Federal Rules of Civil Procedures provides that "When a plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Fed. R. Civ. P. 55(b), made applicable by Fed. R. Bankr. P. 7055. The Clerk of Court has entered a default against the Defendants. *See Entry of Default* entered by the Clerk of Court [Adv. Docket No. 18]. Given the entry of default by the Clerk of Court, all the requirements of Bankruptcy Rule 7055 have been satisfied, and entry of a default judgment against the Defendant is warranted and appropriate.

8.  As set forth in the Complaint, the Plaintiff is entitled to entry of a judgment:

   (i)  On the first and second claims for relief, (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Two Year Transfers be set aside, and (c) ordering Defendants to pay to Plaintiff the amount of the Two Year Transfers; provided, however, that Defendants shall not be liable for any Transfers that are set-off as Prepetition Distributions to the Claims;

   (ii) On the third and fourth claims for relief, (a) avoiding the Four Year Transfers free and clear of any claimed interest of Defendants, (b) directing that the Four Year Transfers be set aside, and (c) ordering Defendants to pay to Plaintiff the amount of the Four Year Transfers; provided, however, that Defendants shall not be liable for any Transfers that are set-off as Prepetition Distributions to the Claims;

---

[3] *Smith v. Forester*, No. 11-893-LPS, 2013 U.S. Dist. LEXIS 45104, at *3 (D. Del. Mar. 29, 2013).

(iii) On the fifth claim for relief, sustaining the objection to the Claims, decreeing that Defendants take nothing therefrom, and directing the Claims Agent to strike the Schedule F claims identified in Exhibit 1 to the Complaint, from the official Claims Register;

(iv) On the sixth claim for relief, equitably subordinating any and all claims Defendants may assert against any of the Debtors or their estates, whatever the origin of those claims, including, without limitation, the Claims, and any claims that may be asserted under Bankruptcy Code section 502(h), to all other claims against the Debtors or their estates; and;

(v) On all claims for relief, awarding Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper.

*See generally*, Complaint.

9. Pursuant to Bankruptcy Rule 7055(b)(2), the Plaintiff hereby seeks entry of judgment by default against the Defendant with respect to all claims for relief asserted in the Complaint.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court enter a default judgment in favor of Plaintiff and against the Defendants, and grant the Plaintiff the relief requested in the Complaint in substantially the form provided in the proposed judgment attached hereto as **Exhibit A**.

PACHULSKI, STANG, ZIEHL & JONES LLP

Dated: January 10, 2022

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
  acaine@pszjlaw.com
  crobinson@pszjlaw.com

*Counsel to Plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust*